1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALLEN DELANO JOHNSON,                        No.  2:16-cv-2403 CKD P

12                   Petitioner,

13         v.                                       ORDER &

14    PAT VASQUEZ,                                  FINDINGS AND RECOMMENDATIONS

15                   Respondent.

16

17    I.  Introduction

18            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

19    corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner has paid the filing fee for this

20    action.

21            Petitioner challenges his 2014 conviction for sexual offenses against a child, for which the

22    Sacramento County Superior Court sentenced him to a prison term of twelve years.  Petitioner

23    concedes that he has not exhausted state remedies as to any of his federal claims.  (ECF No. 1 at

24    12.)  He requests that the court stay the petition and hold it in abeyance pending the exhaustion of

25    his claims in the state supreme court.  (Id. at 15.)  Along with the petition, petitioner has filed a

26    motion to stay this action while he exhausts state remedies.  (ECF No. 2.)

27    ////

28    ////

                                                     1

II. <u>Discussion</u>

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985), <u>cert. denied</u>, 478 U.S. 1021 (1986).  Generally speaking, unexhausted claims are subject to dismissal.

In <u>Mena v. Long</u>, 813 F.3d 907 (9th Cir. 2016), the Ninth Circuit held that a district court may stay and hold in abeyance a fully unexhausted habeas petition if it meets the criteria for a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  To obtain a <u>Rhines</u> stay, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. [1]  544 U.S. at 278.

Petitioner asserts the following unexhausted claims:

1. Prosecutorial misconduct, as the prosecutor allowed his key witness, the victim, to "repeatedly commit perjury" in order to obtain a conviction;

2. <u>Brady</u> violation[2], as the prosecutor withheld unspecified information that had exculpatory value and would have changed the outcome if disclosed;

3.  Insufficient evidence to support the verdict, as petitioner was convicted on the basis of the victim's perjured testimony and there was no physical evidence of guilt;

4.  Ineffective assistance of counsel, as trial counsel "failed to conduct an investigation or to perform to the standards of competent counsel," resulting in petitioner's conviction, despite petitioner's actual innocence; and

5.  Ineffective assistance of appellate counsel, who filed a <u>Wende</u>[3] brief despite the

---

[1] There is no indication that petitioner engaged in "intentionally dilatory litigation tactics," the third <u>Rhines</u> factor.  544 U.S. at 278.

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[3] <u>People v. Wende</u>, 25 Cal. 3d 436 (1979).

1    existence of appealable issues.

2          In his motion to stay, petitioner asserts that he raised these claims in a state petition for

3    writ of habeas corpus, filed in the Sacramento County Superior Court on September 8, 2016.

4    (ECF No. 2 at 3.)  Petitioner constructively filed his federal petition on October 3, 2016.

5          Petitioner asserts that he had good cause for the delay in pursuing state remedies, as he is

6    a layman at law and his appellate counsel filed a Wende brief, requiring petitioner to investigate

7    his claims on his own.  (See ECF No. 1.)  "[G]ood cause turns on whether the petitioner can set

8    forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his

9    claims before presenting them in federal court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir.

10   2014).  "An assertion of good cause without evidentiary support will not typically amount to a

11   reasonable excuse justifying a petitioner's failure to exhaust."  Id.

12         Having reviewed the petition and motion, the undersigned concludes that petitioner has

13   shown neither good cause nor that his claims are potentially meritorious under Rhines.  As a

14   Rhines stay is not warranted, his fully unexhausted petition should be dismissed without prejudice

15   to refiling once his claims have been exhausted in the state courts.[4]

16         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to assign a

17   district judge to this action.

18         IT IS HEREBY RECOMMENDED that:

19         1.  Petitioner's motion to stay (ECF No. 2) be denied; and

20         2.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice for

21   failure to exhaust state remedies.

22         These findings and recommendations will be submitted to the United States District Judge

23   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, petitioner may file written

---

[4]   Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
will start to run on the date on which the state court judgment became final by the conclusion of
direct review or the expiration of time for seeking direct review, although the statute of
limitations is tolled while a properly filed application for state post-conviction or other collateral
review is pending.  28 U.S.C. § 2244(d).

1   objections with the court.  The document should be captioned "Objections to Findings and

2   Recommendations."  Petitioner is advised that failure to file objections within the specified

3   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

4   (9th Cir. 1991).

5   Dated:  November 2, 2016

6                                                          _____
                                                           CAROLYN K. DELANEY
7                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11   2 / john2403.103

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4